IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LINDSEY J. TOMPKINS,** | ) |
| | ) |
| Plaintiff, | ) Case No: **21-196** |
| | ) |
| v. | ) |
| | ) |
| **ROYAL ADMINISTRATION** | ) |
| **SERVICES, INC.,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

1. **COMES NOW** Lindsey J. Tompkins ("Plaintiff"), and files this Complaint for damages and other legal and equitable remedies resulting from the illegal actions of Defendant, Royal Administration Services, Inc. (Hereinafter "Royal" or "Defendant"). Defendant or its agents negligently, knowingly and/or willfully called Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 USC § 227 et seq. ("TCPA"), the Alabama Telemarketing Act, Ala. Code § 8-19A-1 *et seq* ("ATA") and the Alabama Telephone Solicitations Act, Ala. Code §§ 8-19C-2 through 8-19C-12 ("ATSA").

2. Plaintiff, as her Complaint, alleges as follows upon personal knowledge as to her acts and experiences and as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

## NATURE OF THIS ACTION

3. This Complaint addresses the unlawful telemarking campaigns perpetrated upon Plaintiff by Defendant and its agents through automated robocalls made without her prior consent. Robocalling has plagued American consumers for years and is getting much worse. According to Consumer Reports, 48 billion robocalls were placed by telemarketers in the United States in 2018.

This is higher than in any previous year and is a 56.9% increase from a year earlier, https://www.consumerreports.org/robocalls/mad-about-robocalls/, and the calls continued to increase in 2019 and 2020. According to YouMail, a company that tracks robocalls, over 3.8 billion calls were made during the month of September 2020 alone.

4.  Robocalls are now the largest source of consumer complaints to the FTC, accounting for more than 65 percent of the total number of complaints.

5.  Robocalling, identified as a "scourge" by the United States government, is much more than a mere annoyance. The constant deluge of robocalls reduces nearly every adult American's productivity in taking to the time to either answer or block the call. The scourge of robocalls has fundamentally altered how Americans use their telephones, with far fewer consumers answering unrecognized calls. This harms legitimate callers, such as businesses and emergency agencies, who have legitimate purposes for contacting consumers by telephone and are willing to do so lawfully.

6.  A significant reason the robocalling problem has exponentially increased is the low costs made possible by highly effective automated telephone dialing systems. A simple google search for "robocalls" will reveal ads for thousands of calls for just a few dollars. One expert estimates that robocalling every citizen in the city of Seattle would cost about $150.00, https://medium.com/@TProphet/the-broken-economics-of-robocalls-b58f4842a407.

7.  One of the most complained about telemarketing schemes relates to the sale of extended auto warranty plans through robocalling campaigns. Some auto warranty companies, either directly or through agents, use automated systems to send thousands of unsolicited calls with messages regarding the expiration of the called party's manufacturer's warranty and an offer to sell an extended warranty. Defendant engages in similar telemarketing campaigns. Defendant

placed robocalls to Plaintiff, after she put her number on the National Do Not Call Registry, as part of its warranty products' marketing.

8. Congress enacted the TCPA in 1991 to address the intrusion on personal privacy posed by automated telephone calls. Congress recognized automated calls are a nuisance, an invasion of privacy and a threat to public safety and interstate commerce. Through the TCPA, Congress provided a means for consumers to seek redress for unlawful calling practices. The TCPA prohibits telemarketing calls to cellular telephones by using either an automated telephone dialing system, prerecorded message or artificial voice messages. The TCPA also establishes a nationwide Do-Not-Call Registry ("DNCR") and prohibits telemarketing calls to numbers placed on the registry. The calls made by Defendant violate the TCPA, including the rules regarding the DNCR.

9. The Calls also violate Alabama Telemarketing Act, Ala. Code § 8-19A-1 *et seq*.

10. Finally, these calls violate the Alabama Telephone Solicitations Act, Ala. Code §§ 8-19C-2 through 8-19C-12 ("ATSA").

## THE PARTIES

11. Plaintiff is a resident of Mobile, Mobile County, Alabama.

12. Defendant, Royal Administration Services, Inc. ("Royal"), is a corporation whose principal place of business is in Hanover, Massachusetts with the Registered Agent being in Tallahassee, Florida. Defendant has engaged in business in the State of Alabama, within this judicial district.

## JURISDICTION AND VENUE

13. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff has claims that arise under the laws of the United States. This Court has supplemental jurisdiction over

the state law claims pursuant to 28 U.S.C. § 1367. Those claims arise from a set of operative facts common to the federal claims.

## FACTUAL ALLEGATIONS

14. Defendant is a national provider of consumer service agreements for automotive extended service plans.

15. Defendant offers its plans and products for sale via the Internet as well through a national network of call centers.

16. Defendant sells and administers automotive extended protection plans nationwide. A major part of Defendant's marketing plan is to solicit business through telemarketing campaigns which employ automated systems to contact thousands of consumers through their cellular telephones in a very short period of time and at a very low cost. Upon information and belief, the telemarketing campaigns also employ prerecorded or artificial voice technology.

17. The TCPA prohibits calls made to a cellular telephone using either an ATDS or prerecorded or artificial voice without the called parties' consent. For telemarketing calls such as those placed, or caused to be placed, by Defendant to Plaintiff, the TCPA requires prior express written consent by every person called.

18. In 2003, the Federal Government established the National Do Not Call Registry ("DNCR") in an effort to protect consumers from unwanted calls. The DNCR allows consumers to register telephone numbers, thereby indicating their desire not to receive telephone solicitations at those numbers. See 47 CFR. § 64-120(c)(2). The TCPA and its implementing regulations prohibit telephone solicitation calls to telephone numbers listed on the registry. See 47 U.S.C. § 227(c); 47 CFR. § 64-1200(c)(2) (the "Do Not Call Rule"). Any person whose number is on the registry and who has received more than one telephone solicitation within a twelve (12) month

period by or on behalf of the same entity may recover statutory damages under the TCPA against the violator. See 47 USC § 227(c)(5).

## CALLS TO PLAINTIFF

19.     Defendant, either directly or through its agents, has robocalled, or caused to be robocalled, thousands of consumers, including Plaintiff, without their prior written express consent through the use of an ADTS and/or prerecorded or artificial voice technology. Many calls, including the calls made to Plaintiff, were made to numbers placed on the DNCR. Each call was made in violation of the TCPA.

20.     In addition, each of the robo calls indicated in Plaintiff's Caller ID records that they were local calls. For example, see below:

| | | | | | |
|---|---|---|---|---|---|
| Feb 10 | 11:58 AM | 973.307.9198 | Creola, AL | Incoming, CL | 12 |

21.     At the time Defendant made, or directed the calls be made, to Plaintiff, Defendant was well aware of Alabama law and the TCPA requirements and was aware that masking the true place of origination of automated marketing calls to consumers violated Alabama law and/or the TCPA.

22.     Masking the place of the origination of the calls is further evidence of Defendant's knowing and willful violations and were made through the use of "spoofing" technology. That technology is purposefully designed to (1) mask the identity of the caller; and (2) make the call appear to be from a local number in order to increase the likelihood that that the consumer will answer. This tactic is designed to generate business and profit while at the same time skirting the legal consequences of what the caller knows are unlawful calls. This bad faith effort to sabotage consumers' call screening efforts demonstrates the caller's knowledge that the calls are unlawful.

23. The unlawful telemarketing calls repeatedly invaded the personal privacy of Plaintiff causing her to suffer damages, injury-in-fact and entitling her to relief provided under Alabama law and the TCPA, including 47 USC § 227(b)(3)(B).

24. Beginning in April of 2019 and through February of 2020, Plaintiff received a series of approximately 25 automated calls to her cellular telephone from the numbers that appear to be (973) 307-9198 and (973) 447-1137.

25. When Plaintiff answered the calls, there was a short, multi-second delay followed by a click and a human voice.

26. All of the calls made by, or on behalf of, Defendant to Plaintiff were made using an "automatic telephone dialing system" ("ATDS"), as defined by 47 USC § 227(a)(1) and prohibited by 47 USC § 227(b)(1)(A). The calls displayed *indicia* of an ATDS, including the delay and click described above.

27. Upon information and belief, at least one of the calls employed a prerecorded or artificial voice.

28. At all times relevant herein, Plaintiff's cellular telephone number was listed on the DNCR. Plaintiff registered her cellular telephone number XXX-XXX-7876 with the DNCR for the express purpose of avoiding unwanted telemarketing calls. Plaintiff's cellular number was registered on the DNCR more than thirty-one (31) days prior to the calls.

29. Plaintiff uses her cellular telephone number as her main residential line and Defendant's calls wasted her time, used her cellular telephone time, caused mental anguish and aggravation.

30. The calls were made directly by Defendant, or on its behalf, by third persons working at Defendant's direction. The third-parties initiating the unlawful calls on Defendant's

behalf, if any, did so with actual and/or apparent authority from Defendants and, in any event, the actions taken by said third-parties were ratified by Defendant knowingly reaping benefits, in the form of potential and actual sales, as a direct result of the unlawful calls.

31. The calls were made for marketing Defendant's automobile warranties or similar vehicle protection products, and not made for emergency purposes, as defined by 47 USC § 227(b)(1)(A)(i).

32. The calls were made for purposes of soliciting a sale of consumer goods or services and/or for the purpose of obtaining information that may be used for the direct solicitation of a sale of consumer goods or services. The calls were "telemarketing calls" and "telephone solicitations" within the meaning of TCPA and Alabama law.

33. The calls were not isolated occurrences and were made in a pattern of repeated transactions of like nature.

34. Upon information and belief, the ATDS used by Defendant, or on its behalf, has the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

35. Upon information and belief, the ATDS used by Defendant, or on its behalf, also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

36. Neither Defendant nor its agents had prior express written consent to place the calls to Plaintiff.

37. The telephonic communications by Defendant, or on its behalf, violated 47 USC § 227(b)(1).

38. Defendant's calls to Plaintiff also violated the regulations promulgated under the TCPA regarding calls to consumers whose numbers are included in the DNCR. Plaintiff received one or more such call within a twelve (12) month period by Defendant, or on its behalf, in violation of the Do Not Call Rule. 47 CFR. § 64.1200(c)(2).

39. The calls made by Defendant, or on its behalf, to Plaintiff constitute "telephone solicitation" as that term is defined at 47 USC § 227(a)(4) and 47 CFR. § 64.1200(f)(14).

40. Through Defendant's conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

41. Plaintiff has suffered actual damages and injury-in-fact including but not limited to loss of time in answering the calls and tracing their origin, the loss of use of her telephone for legitimate purposes and her productivity. Such calls have also invaded Plaintiff's privacy and statutory rights provided under the TCPA.

42. The harm suffered by Plaintiff as a result of Defendant's TCPA violations bears a close relationship with the types of harm for which the law has traditionally allowed redress under common law claims for invasion of privacy, nuisance, conversion, trespass to chattel and wantonness.

## COUNT ONE
## TELEPHONE CONSUMER PROTECTION ACT

43. Plaintiff incorporates the relevant foregoing allegations as if fully set forth herein.

44. Defendant, directly, or through agents, placed telephone calls to Plaintiff's cellular telephone without having obtained prior express written consent.

45. The calls were made with an ATDS and/or the use of prerecorded or artificial voice.

46. The calls were placed for the purpose of marketing, advertising and selling Defendant's extended auto warranty product and services. The calls constitute telemarketing and telephone solicitation as those terms are defined in 47 CFR § 64.1200(f)(12) and (14).

47. Each call was made in violation of provisions of the TCPA, including 47 USC § 227(b)(1)(A).

48. The unlawful telemarketing calls repeatedly invaded the personal privacy of Plaintiff causing her to suffer damages and entitling her to relief provided under the TCPA, including 47 USC § 227(b)(3).

49. As a result of Defendant's negligent violations of 47 USC § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation pursuant to 47 USC § 227(b)(3)(B).

50. As a result of Defendant's knowing and/or willful violations of 43 USC § (b)(3), Plaintiff is entitled to increased damages of up to $1,500 per violation.

**WHEREFORE,** Plaintiff requests that this Court enter a Judgement against Defendant for violation of the TCPA, awarding the following relief:

A. An award of actual monetary loss to Plaintiff from such violations or the sum of five hundred dollars ($500.00) for each violation of the TCPA, whichever is greater;

B. An award of actual monetary loss to Plaintiff from each call made in violation of 47 CFR § 64.1200(c)(2) or damages of up to five hundred dollars ($500.00) for each unlawful call, whichever is greater;

C. An award of enhanced damages to Plaintiff from each call made in knowing or willful violation of 47 CFR § 64.1200 (c)(2) of up to three times the amount the statutory damages awarded pursuant to 47 USC § 227(c)(5)(B);

D. An award of enhanced statutory damages to Plaintiff for Defendant's willful and/or knowing violation of up to $1,500.00 for each such violation of the TCPA;

E. An Order declaring that Defendant's actions, as set out above, violate the TCPA;

F. A declaratory Judgment that telephone calling equipment used to make the calls constitutes an automatic telephone dialing system under the TCPA;

G. A declaratory Judgment that Defendant or its agents used an artificial or prerecorded voice; and

H. Such other and further relief that the Court deems reasonable and just.

## COUNT TWO
## VIOLATION OF THE TCPA'S DO NOT CALL RULE

51. Plaintiff incorporates the relevant foregoing allegations as if fully set forth herein.

52. Defendant placed telephone calls, or caused such calls to be placed, to Plaintiff without having obtained her prior express written consent.

53. The calls were placed for the purpose of marketing, advertising and selling Defendant's extended auto warranty product and services. The calls constitute "telemarketing" and "telephone solicitation" as those terms are defined in 47 CFR § 64.1200(f)(12) and (14).

54. Each call was made in violation of provisions of the TCPA, including 47 USC § 227(c)(3) and the Do No Call Rule promulgated pursuant to the TCPA, 47 CFR § 64.1200(c)(2).

55. The unlawful calls repeatedly invaded the personal privacy of Plaintiff causing her to suffer damages and entitling her to relief provided under the TCPA, including 47 USC § 227(b)(3)(B) and (c)(5).

56. Each call was made in willful and knowing violation of the TCPA and the Do Not Call Rule.

57. As a result of Defendant's violations of 47 USC § 227, *et seq.*, Plaintiff is entitled to an award of actual damages or statutory damages of up to $500.00, for each and every violation, pursuant to 47 USC § 227(c)(5)(B).

58. As a result of Defendant's knowing and willful violations of 47 USC § 227, *et seq.*, Plaintiff is entitled to an award of enhanced damages of up to $1,500.00 for each and every violation, pursuant to 47 USC § 227(c)(5).

**WHEREFORE,** Plaintiff requests that this Court enter a Judgement against Defendant for violation of the TCPA, awarding the following relief:

A. An award of actual monetary loss to Plaintiff from such violations or the sum of five hundred dollars ($500.00) for each violation of the TCPA, whichever is greater;

B. An award of actual monetary loss to Plaintiff from each call made in violation of 47 CFR § 64.1200(c)(2) or damages of up to five hundred dollars ($500.00) for each unlawful call, whichever is greater;

C. An award of enhanced damages to Plaintiff from each call made in knowing or willful violation of 47 CFR § 64.1200 (c)(2) of up to three times the amount the statutory damages awarded pursuant to 47 USC § 227(c)(5)(B);

D. An award of enhanced statutory damages to Plaintiff for Defendant's willful and/or knowing violation of up to $1,500.00 for each such violation of the TCPA;

E. An Order declaring that Defendant's actions, as set out above, violate the TCPA;

F. A declaratory Judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA; or

G. A declaratory Judgment that Defendant used an artificial or prerecorded voice; and

H. Such other and further relief that the Court deems reasonable and just.

## COUNT THREE
## ALABAMA TELEMARKETING ACT

59. Plaintiff incorporates the relevant foregoing allegations as if fully set forth herein.

60. In 1994 Alabama adopted the "Alabama Telemarketing Act" ("ATA") Ala. Code § 8-19A-1 *et seq.*

61. On information and belief, Defendant is not licensed in Alabama as required by Ala. Code § 8-19A-5(a) or is affiliated with an unlicensed commercial telephone seller in violation of Ala. Code § 8-19A-15(c).

62. In addition, Defendant never gave Plaintiff the oral disclosures required by Ala. Code § 8-19A-12.

**WHEREFORE,** Plaintiff requests that this Court enter a Judgement against Defendant for violation of the Alabama Telemarketing Act, awarding the following relief:

A. An award of actual or statutory damages under Ala. Code § 8-19-10 and Ala. Code § 8-19A-23 plus reasonable attorneys' fees and costs;

B. Such other and further relief that the Court deems reasonable and just.

## COUNT FOUR
## ALABAMA TELEPHONE SOLICITATIONS ACT

63. Plaintiff incorporates the relevant foregoing allegations as if fully set forth herein.

64. The Alabama legislature enacted the Alabama Telephone Solicitations Act ("ATSA") in 1999 to address the intrusion on personal privacy posed by unsolicited telemarketing

calls. It recognized such calls as "intrusive and relentless invasion of the privacy and peacefulness of home." Ala Code § 8-19C-1(4) (1975).

65. The ATSA was passed to provide Alabama consumers the power to decide whether or not to receive telemarketing calls and provides a means for consumers to seek redress for unlawful calling practices. The ATSA prohibits telemarketing calls to consumers who have placed their numbers on the nationwide Do-Not-Call Registry ("DNCR"). The ATSA also prohibits the use of technology aimed at concealing the caller's identity, such as spoofing technology. The calls made by Defendant, or at Defendant's direction, violate the ATSA.

66. Defendant knowingly placed calls, or directed calls to be placed, to Plaintiff in violation of the ATSA and Plaintiff is entitled to recovery for actual damages and/or statutory damages of $2,000 for each violation as provided in Ala. Code § 8-19C-7.

67. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA and the ATSA.

68. By registering with the Do Not Call Registry, as alleged above, Plaintiff has given notice of her objection to receiving telephone solicitations within the meaning of Ala. Code Section 8-19C-2(a).

69. Defendant, or its agents, also violated the ATSA by knowingly utilizing a method to block, or otherwise circumvent, the use of caller identification service thereby obscuring the source of the solicitation calls made to Plaintiff. This is a violation of Ala. Code § 8-19C-5(b).

70. Plaintiff received multiple telephone solicitation calls within a 12-month period by, or on behalf of, Defendant in violation of Section 8-19C-2(a) and/or Section 8-19C-5(b).

71. Plaintiff has suffered actual damages and injury-in-fact, including but not limited to loss of time in answering the calls and tracing their origin, the loss of use of her telephone for legitimate purposes and her productivity. Such calls have also invaded Plaintiff's privacy and statutory rights provided under the ATSA.

**WHEREFORE,** Plaintiff requests that this Court enter a Judgement against Defendant for violation of the Alabama Telephone Solicitations Act, awarding the following relief:

A. An award of actual or statutory damages under Ala. Code § 8-19-10 and Ala. Code § 8-19A-23 plus reasonable attorneys' fees and costs;

B. Two thousand dollars ($2,000.00) per call in damages for each knowing violation, of Ala. Code § 8-19C-7; and

C. Such other and further relief that the Court deems reasonable and just.

**TRIAL BY JURY IS DEMANDED AS TO EVERY CLAIM ASSERTED HEREIN**

Respectfully submitted this the 22nd day of April 2021.

> */s/ Earl P. Underwood, Jr.*
> **Earl P. Underwood, Jr.**
> **Underwood & Riemer, P.C.**
> **21 South Section Street**
> **Fairhope, Alabama 36532**
> **Telephone: 251-990-5558**
> **Facsimile:  251-990-0626**
> epunderwood@alalaw.com
> *Attorney for Plaintiff Lindsey J. Tompkins*

**DEFENDANT IS TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Royal Administration Services, Inc., C/O
Corporation Service Company as RA
1201 Hays Street
Tallahassee, Florida 32301